NO. 07-02-0199-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

NOVEMBER 8, 2002

_____

ROBERT DALE KNOOP, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 31ST DISTRICT COURT OF HEMPHILL COUNTY;

NO. 2506; HONORABLE STEVEN R. EMMERT, JUDGE

_____

Before REAVIS and JOHNSON, JJ., and BOYD, SJ.[*]

On January 24, 2002, upon his plea of guilty, appellant Robert Dale Knoop, Jr. was convicted of the offense of driving while intoxicated, subsequent offense. Appellant elected to have a jury assess his punishment. A jury was empaneled on January 24, 2002,

---

[*]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. § 75.002(a)(1) (Vernon Supp. 2002).

and after the punishment hearing, assessed appellant's punishment at confinement in the Institutional Division of the Department of Criminal Justice for a period of 15 years and a $500 fine.

On June 18, 2002, appellant's appointed attorney filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct.1396, 18 L.Ed.2d 493 (1967). In his brief, counsel certifies that after careful examination of the record, he has concluded that appellant's appeal is without merit and asks that he be permitted to withdraw from his representation. He also certified that he sent a copy of the brief to appellant for his examination and he also notified appellant of his right to file a pro se brief. Appellant has not filed a pro se brief.

In considering briefs and requests of this type, we must satisfy ourselves that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support his client's appeal. Then, after considering counsel's brief, we must determine if counsel has correctly concluded the appeal is frivolous. *See McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988); *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978).

We have made an independent examination of the record to determine whether there are any arguable grounds that might support the appeal. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). Finding none, we are in agreement with counsel

2

that the appeal is without merit and is therefore frivolous. *Currie v. State*, 516 S.W.2d 684 (Tex.Crim.App. 1974).

Accordingly, the motion to withdraw is granted and the trial court judgment affirmed.

John T. Boyd
Senior Justice

Do not publish.